FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 NOV 26 PM 3: 52
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ERIC LAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 112-121 |
| | ) |
| RONALD STRENGTH, Sheriff of | ) |
| Richmond County, et al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). On September 18, 2012, the Court reviewed Plaintiff's complaint in conformity with the IFP statute. See 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii). Because of pleading deficiencies in Plaintiff's complaint, the Court ordered him to amend his complaint. (Doc. no. 6.) Plaintiff was given fifteen (15) days to comply, and he was warned that, if he wanted to proceed with his case, he must file an amended complaint. (See id.) In addition, the Court specifically advised Plaintiff that if he failed to amend his complaint as instructed, the Court would presume that he desired to have his case voluntarily dismissed and would recommend the dismissal of his case without prejudice. (Id. at 5.)

Plaintiff failed to respond to the Court's September 18th Order and, instead, on September 28, 2012, filed a motion requesting the recusal of the undersigned. (Doc. no. 7.) In denying Plaintiff's motion, the Court noted that the deadline for Plaintiff to file his

amended complaint as directed had passed. (Doc. no. 8, p. 4.) Presuming that Plaintiff might have delayed filing an amended complaint pending the resolution of his motion for recusal, the Court granted him an extension until October 29, 2012 within which to do so. (Id.) Once again, Plaintiff was warned that his failure to comply in a timely fashion with the Court's Order would result in a recommendation that his case be dismissed. (Id.) The time to respond has passed, and Plaintiff has not submitted an amended complaint as required by the Court's September 18, 2012 Order,[1] nor has he provided the Court with any additional explanation as to why he has not complied with the Court's instructions.[2]

---

[1] The Court notes that, although the Honorable J. Randal Hall, United States District Judge, issued an Order overruling Plaintiff's objections to the denial of his request that the undersigned recuse himself, Plaintiff's objections and the Judge Hall's subsequent Order overruling them did not extend the deadline for Plaintiff to file his amended complaint pursuant to the Court's October 16th Order.

[2] Notably, in his earlier motion requesting recusal of the undersigned, Plaintiff made clear his reluctance to provide further factual background as to his claims, asserting that his complaint is "open [and] shut" and that it simply turns on "whether [Defendant Carrier] locked him up illegally." (Doc. no. 7, p. 1.) However, as the Court explained in its Order directing Plaintiff to amend his complaint (doc. no. 6, p. 3), the Supreme Court held in Heck v. Humphrey that when a plaintiff's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994). Here, despite being specifically instructed to provide more details concerning the outcome of his arrest (doc. no. 6, p. 3), Plaintiff has failed to do so.

In his complaint, Plaintiff's primary allegation is that, in October of 2011, he was improperly arrested for obstruction of a law enforcement officer following his failure or refusal to answer Defendant Carrier's questions concerning the whereabouts of an unidentified man, and subsequently "booked in the Augusta/county jail." (See doc. no. 1, pp. 3-4.) In fact, according to the publicly available information related to Plaintiff's arrest and the ensuing criminal case, on August 27, 2012, Plaintiff was found guilty of obstruction of a law enforcement officer and, on September 12, 2012, fined $675.00 and sentenced to a year of probation. (See State v. Lawson, Case No. 2011RCMC22153 (Richmond County State Ct. Aug. 27, 2012), *available at* http://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search for State Court Case No. 2011RCMC22153); see also United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings)).

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Wilson v. Sargent, 313 F.3d 1315, 1321 n.7 (11th Cir. 2002) (*per curiam*) ("Nothing . . . precludes a court from inquiring further into the inmate's account activity after entry of the IFP order."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Orders amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[4] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of November, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

4